UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYNALDO RAY QUIROGA,

    Plaintiff,

v.                                       Case Nos.:  2:22-cv-665-SPC-NPM
                                                                           2:21-cr-066-SPC-NPM

UNITED STATES OF AMERICA,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Raynaldo Ray Quiroga's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).[2]

## BACKGROUND

On May 19, 2021, a man dressed as a sheriff's deputy entered Capital Pawn in LaBelle, Florida, and approached and handcuffed an apparent customer named Jesus Alexis Vazquez. The man instructed two employees of Capital Pawn to lay face-down, then zip-tied their hands behind their backs.

---

[1] Disclaimer: Papers hyperlinked to CM/Cr-Doc. may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.
[2] The Court cites to documents from the docket of Case No. 2:22-cv-665-SPC-NPM as "Doc. __" and documents from the docket of Case No. 2:21-cr-66-SPC-NPM as "Cr-Doc. __."

With the employees restrained, the man removed six guns from an open safe behind the counter, exited the store, and drove away in a Chrysler 300. An ATF investigation quickly homed in on Quiroga based on an anonymous tip submitted after a similar incident in 2019. Quiroga became a suspect because his appearance is consistent with security footage of the robber, and because he owned a Chrysler vehicle that could have been the getaway car.

A grand jury charged Quiroga with four crimes stemming from the robbery: Hobbs Act robbery (Count 1), brandishing a firearm in furtherance of a crime of violence (Count 2), possessing a stolen firearm (Count 3) and possessing a firearm as a convicted felon (Count 4). (Cr-Doc. 1). The grand jury also charged Vazquez with Counts 1 and 3. United States Magistrate Judge Mac R. McCoy appointed attorney Neil Potter to represent Quiroga. (Cr-Doc. 29). Vazquez pled guilty to Count 3 and agreed to testify at Quiroga's trial, and the government dropped Count 1 against Vazquez. After a three-day trial, the jury found Quiroga guilty on all counts. (Cr-Doc. 95). The Court sentenced Quiroga to a 480-month prison term. (Cr-Doc. 117). And the Eleventh Circuit Court of Appeals affirmed. (Cr-Doc. 138).

## LEGAL STANDARD

A prisoner in federal custody may move for his sentence to be vacated, set aside, or corrected on four grounds:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255. Relief under § 2255 is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004). A petitioner bears the burden of proving the claims in a § 2255 motion. *Beeman v. United States,* 871 F.3d 1215, 1222 (11th Cir. 2017) (collecting cases).

## DISCUSSION

**A. Ground 1: Prosecutorial misconduct**

Quiroga argues the government violated his right to due process in three ways. First, he claims the prosecution knowingly elicited perjured testimony from his co-defendant, Jesus Vazquez. At trial, Vazquez testified that he had known Quiroga for about two years, and he described the May 19, 2021 robbery of Capital Pawn, which he and Quiroga had planned over the previous several days. Vazquez admitted he initially lied to police when they first questioned him, but he later told an investigator about his role in the robbery and identified Quiroga as the culprit. Vazquez also identified Quiroga at trial. (Cr-Doc. 132 at 124-32). Quiroga claims Vazquez's testimony was inconsistent

3

with his May 20, 2021 statement to police, in which he incorrectly described Quiroga's appearance.

"To establish prosecutorial misconduct for the use of false testimony, a defendant must show that the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." *United States v. Harris*, 7 F.4th 1276, 1294 (11th Cir. 2021). "[A] prior statement that is merely inconsistent with a government witness's testimony is insufficient to establish prosecutorial misconduct." *United States v. McNair*, 605 F.3d 1152, 1208 (11th Cir. 2010); *see also Hays v. Alabama*, 85 F.3d 1492, 1499 (11th Cir. 1996) (determining there was no due process violation when "there has been no showing that [the witness's] later, rather than earlier, testimony was false").

Quiroga fails to show that Vazquez gave any false testimony. Even assuming Vazquez incorrectly described Quiroga to investigators, that does not suggest Vazquez lied at trial. Nor does it suggest the prosecution knowingly used perjured testimony. Vazquez's recognition of Quiroga was not in question because his identification of Quiroga was not based on physical appearance alone. Rather, Vazquez was able to identify Quiroga as the culprit because they had been friends for years, and because they planned and carried out the robbery together. What is more, Vazquez admitted on direct examination that he initially lied to police when they questioned him about the robbery.

Second, Quiroga claims the government violated his due process rights by suppressing its agreement to dismiss Count 1 against Vazquez. The record conclusively refutes this claim. The government filed the plea agreement on the docket. (Cr-Doc. 80). And Quiroga's attorney—Neil Potter—questioned Vazquez about the agreement on cross-examination. (Cr-Doc. 132 at 137-38).

Third, Quiroga claims the prosecution withheld evidence—namely, two letters that purport to be confessions from a person named Sebastian Munios Ramirez. The record refutes this claim. The prosecutor emailed the letters to Potter on November 5, 2021, a fact Quiroga acknowledges in Ground 3 of his motion. (Doc. 11-1).

Quiroga fails to demonstrate prosecutorial misconduct. Ground 1 is denied.

**B. Ground 2: Actual Innocence**

Quiroga next argues newly discovered evidence proves his innocence. He points to a letter and an affidavit that purport to be admissions from Sebastian Munios Ramirez. They describe a convoluted plot by Ramirez to frame Quiroga for the robbery. Even viewing this ground in a light most favorable to Quiroga, it cannot warrant § 2255 relief. "Actual innocence is not itself a substantive claim[.]" *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005); *see also Herrera v. Collins*, 506 U.S. 390, 399 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for

5

federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Thus, Ground 2 is denied.

### C. Ground 3: Ineffective Assistance of Counsel

Quiroga asserts three instances of ineffective assistance of counsel. Criminal defendants have a Sixth Amendment right to reasonably effective assistance of counsel. To determine whether a convicted person is entitled to relief under the Sixth Amendment, courts engage in a two-part test. A petitioner must establish (1) that counsel's performance was deficient—that is, it fell below an objective standard of reasonableness—and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Courts need not address both prongs if the petitioner fails to satisfy either of them. *Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010).

When considering the first prong, there is a strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance." *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 694). To show prejudice, the petitioner must establish that "but for counsel's unprofessional performance, there is a *reasonable probability* the result of the proceeding would have been different." *Putman v. Head*, 268 F.3d 1223, 1248 (11th Cir. 2001) (citing *Strickland*, 466 U.S. at 694)

(emphasis added). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sealey*, 954 F.3d at 1355.

Quiroga first faults Potter because he did not investigate the claims made in the Ramirez letters, call Ramirez to testify, or use the letters at trial. Potter provided a statement explaining why he disregarded the Ramirez letters: they are obvious forgeries, and Ramirez does not exist. (Doc. 11-4). Those are reasonable conclusions. The letters appear to be nothing more than a clumsy attempt to deflect blame from Quiroga. Quiroga does not explain how the letters—which are unauthenticated hearsay—would have been admissible. And aside from the letters, there is no evidence that Ramirez is a real person. Even if Ramirez were real, the letters did not state how Potter could compel his attendance at trial. Rather, they said Ramirez would turn himself in if Quiroga was released. (Doc. 11-2; Doc. 11-3) Obviously, Potter could not arrange Quiroga's release. Potter cannot be deemed deficient for failing to call a non-existent witness or present inadmissible evidence, and Quiroga suffered no prejudice from their absence.

Quiroga also faults Potter for failing to enter photo line-up cards into evidence. Investigators showed the cards to the two employees of Capital Pawn during a photo lineup. Neither employee identified Quiroga, and Potter highlighted that weak point in the government's case during closing argument. Quiroga does not state how the photo cards could have helped his case. There

7

is no reasonable probability that presentation of the photo line-up cards would have changed the outcome in this case.

Finally, Quiroga complains that Potter failed to file a motion requesting any deals with government witnesses and statements made by government witnesses. But Quiroga does not identify any documents or information the government failed to produce. Thus, there was no reason for Potter to file such a motion, and Quiroga suffered no prejudice.

Quiroga fails to allege any deficient performance by Potter or any prejudice stemming from Potter's representation. Ground 3 is denied.

## EVIDENTIARY HEARING

A court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court finds an evidentiary hearing unwarranted in this case. The record conclusively proves that all three grounds of Quiroga's motion have no merit.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking § 2255 relief has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183 (2009). To appeal such a denial, a district court must first issue a certificate of appealability, which "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

8

§ 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citations omitted). The Court finds that Quiroga has not made the requisite showing. *See* 28 U.S.C. § 2255(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84. Accordingly, a certificate of appealability is **DENIED**.

Accordingly, it is now

**ORDERED:**

Raynaldo Ray Quiroga's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any motions and deadlines, enter judgment against Petitioner, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 11, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record